UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

NANCY WAUGH
          Plaintiff,

v.

BISHOP & BUDDHA, LLC, THE HORROCKS
COMPANY, LLC D/B/A VOLU-SOL,
AMAZON.COM SERVICES, LLC, and JOHN
DOES 1-2.
          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

## COMPLAINT

The Plaintiff, Nancy Waugh, by and through her undersigned attorneys, hereby complains against the Defendants, Bishop & Buddha, LLC, The Horrocks Company, LLC d/b/a Volu-Sol, Amazon.com Services, LLC, and John Does 1-2, and states as follows:

## PARTIES

1.      Plaintiff, Nancy Waugh (hereinafter, "Plaintiff"), is an individual residing in Gilford, Belknap County, New Hampshire.

2.      Defendant, Bishop & Buddha, LLC, (hereinafter, "Bishop & Buddha") is a Wyoming limited liability company with a principal place of business located at 1621 Central Avenue, Cheyenne, Laramie County, Wyoming.

3.      Defendant, The Horrocks Company, LLC, is a Utah limited liability company doing business as Volu-Sol (hereinafter, "The Horrocks Company"), with a principal place of business located at 5095 West 2100, South Salt Lake City, Salt Lake County, Utah.

4.      Defendant, Amazon.com Services, LLC (hereinafter, "Amazon") is a California limited liability company with a principal place of business located at 410 Terry Avenue North, Seattle, King County, Washington. Amazon regularly conducts business in the State of New

Hampshire and is authorized to do so.  The registered agent for Amazon is Corporation Service Company, located at 10 Ferry Street S313, Concord, Merrimack County, New Hampshire.

5.      Defendant, John Doe 1, is a business entity that can sue and be sued in its own name.  John Doe 1 is the manufacturer of the MoodHaus Concrete Tabletop Fire Pit Bowl product at issue in this litigation.  The Plaintiff avers that, despite research and diligence, it could not discovery the identity of the manufacturer of the subject product.  The Plaintiff intends to amend this Complaint when it learns the identity of John Doe 1.

6.      Defendant, John Doe 2, is a business entity that can sue and be sued in its own name.  John Doe 2 is an additional manufacturer of either the MoodHaus Concrete Tabletop Fire Pit Bowl or the Volu-Sol Bio-Ethanol Fuel bottle at issue in this litigation.  The Plaintiff avers that, despite research and diligence, it could not discovery the identity of the manufacturer of the subject product.  The Plaintiff intends to amend this Complaint when it learns the identity of John Doe 2.

### JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the Plaintiff and the Defendants are citizens of different states; the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs; and there is complete diversity of citizenship between the Plaintiff and the Defendants.

8.      This Court has personal jurisdiction over the Defendants because the Defendants purposely and intentionally conduct business in New Hampshire and their contacts with New Hampshire are connected to this litigation.

9.      Venue is proper in the District of New Hampshire based on 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10.    On or about May 5, 2023, Nancy Waugh was a guest at a residence located at 48 Landing Lane in Laconia, New Hampshire ("the premises").

11.    At all relevant times, Ms. Waugh was seated on a bench on or near the outdoor patio of the premises.

12.    At all relevant times, a MoodHaus Concrete Tabletop Fire Pit Bowl ("MoodHaus Firepit") was situated on a table across from the bench where Ms. Waugh sat.

13.    A bystander attempted to fuel the MoodHaus Firepit with a 16 oz. bottle of Volu-Sol Bio-Ethanol Fuel ("Volu-Sol").

14.    While the bystander fueled the MoodHaus Firepit, there was an existing flame in the fuel chamber of the MoodHaus Firepit that was invisible to the naked eye.

15.    The invisible flame in the MoodHaus Firepit ignited the Volu-Sol bottle as the bystander poured Volu-Sol fuel into the MoodHaus Firepit fuel chamber.

16.    The Volu-Sol created a "flame-jetting" event, causing burning fuel to spray all over Ms. Waugh's person.

17.    Ms. Waugh sustained second- and third-degree burns to over twenty (20) percent of her body from the burning Volu-Sol fuel.  Due to the severity of her injuries, she was Med-Flighted to Massachusetts General Hospital in Boston, Massachusetts, where she remained in the intensive care unit for several weeks, undergoing multiple surgeries and extensive treatment for her injuries.

18.    Due to this incident, Ms. Waugh has suffered severe emotional and physical pain, incurred significant expenses.  She continues to suffer and incur personal injury, pain and suffering, scarring, past, present, and future medical expenses, lost wages, and loss of earning capacity.

19.    Upon information and belief, the MoodHaus Firepit was designed, manufactured, sold and/or distributed by Bishop & Buddha.

20.    Upon information and belief, the MoodHaus Firepit was sold or distributed by Amazon on or about March 26, 2023, under Order No. 112-9035693-1679441.

21.    Upon information and belief, the MoodHaus Firepit was designed, manufactured, sold, and/or distributed by John Doe 1.

22.    Upon information and belief, the Volu-Sol was designed, manufactured, sold and/or distributed by The Horrocks Company.

23.    Upon information and belief, the Volu-Sol was sold or distributed by Amazon on or about March 26, 2023, under Order No. 112-8932666-6853863.

24.    Upon information and belief, either the Volu-Sol or MoodHaus Firepit was also designed, manufactured, sold and/or distributed by John Doe 2.

## COUNT I – STRICT LIABILITY
### (Nancy Waugh v. Bishop & Buddha, LLC)

25.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

26.    Bishop & Buddha, LLC participated in the design, manufacture, sale and/or distribution of the MoodHaus Firepit.

27.    The MoodHaus Firepit was defective at the time it was sold.

28.    The MoodHaus Firepit's defective condition made it unreasonably dangerous, particularly because a user of the product cannot detect invisible, low-burning flames in the fuel chamber when re-fueling.

29.    The risk of danger posed by the MoodHaus Firepit could have been reduced without significant impact on product effectiveness or manufacturing costs.

30.    The defective condition of the MoodHaus Firepit caused injury to the plaintiff.

31.    As a direct and legal result of designing, manufacturing, selling, and/or distributing the MoodHaus Firepit in a defective condition that was unreasonably dangerous to the consumer, Bishop & Buddha is strictly liable to Ms. Waugh.

32.    As a direct and proximate result of the unreasonably dangerous and defective condition of the MoodHaus Firepit, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Bishop & Buddha, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

## COUNT II – NEGLIGENCE
### (Nancy Waugh v. Bishop & Buddha, LLC)

33.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

34.    Bishop & Buddha negligently designed, manufactured, sold, and/or distributed the MoodHaus Firepit, which it knew, or should have known, would cause injury to Ms. Waugh and which did cause injury to Ms. Waugh.

35.    Bishop & Buddha negligently failed to warn that the MoodHaus Firepit was not safe for its intended use.

36.    As a direct and proximate result of Bishop & Buddha's negligence, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and

emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Bishop & Buddha, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### COUNT III – VIOLATION OF N.H. RSA 358-A
### (Nancy Waugh v. Bishop & Buddha, LLC)

37.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

38.    New Hampshire's Regulation of Business Practices for Consumer Protection, RSA Chapter 358-A, precludes unfair or deceptive acts or practices in the conduct of any trade or commerce within the State.

39.    Pursuant to RSA 358-A:10, any person injured by another's unlawful practice under RSA 358-A:2 may recover actual damages, and if the unlawful practice is a willful or knowing violation of RSA 358-A, a person is entitled to an award of as much as three (3), but not less than two (2) times, the amount of actual damages, as well as costs and reasonable attorney's fees.

40.    Defendant, Bishop & Buddha, committed acts or practices in violation of RSA 358-A by: (a) marketing for sale, selling, and distributing a product intended for personal use that is not safe for personal use because an ordinary user cannot see the invisible, low-burning flames in the fuel chamber when re-fueling; and (b) failing to warn that the MoodHaus Firepit was not safe for its intended use.

6

41.     As a direct and proximate result of Bishop & Buddha's unfair and deceptive practices, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Bishop & Buddha, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### COUNT IV – ENHANCED COMPENSATORY DAMAGES
#### (Nancy Waugh v. Bishop & Buddha, LLC)

42.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

43.     Bishop & Buddha engaged in wanton, malicious and oppressive conduct when it designed, manufactured, sold, and/or distributed the MoodHaus Firepit.

44.     As a direct and proximate result of Bishop & Buddha's wanton, malicious and oppressive conduct, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

45.     As a direct and proximate result of Bishop & Buddha's wanton, malicious and oppressive conduct, Ms. Waugh is entitled to enhanced compensatory damages.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Bishop & Buddha, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

**COUNT V – STRICT LIABILITY**
**(Nancy Waugh v. The Horrocks Company,** LLC **d/b/a Volu-Sol)**

46.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

47.     The Horrocks Company participated in the design, manufacture, sale and/or distribution of Volu-Sol bottle.

48.     The Volu-Sol bottle was defective at the time it was sold.

49.     The Volu-Sol bottle's defective condition made it unreasonably dangerous, particularly because the bottle lacks a flame arrester device, which prevents transmission of a flame in the event of ignition.

50.     The risk of danger posed by the Volu-Sol bottle could have been reduced without significant impact on product effectiveness or manufacturing costs.

51.     The defective condition of the Volu-Sol bottle caused injury to the plaintiff.

52.     As a direct and legal result of designing, manufacturing, selling, and/or distributing the Volu-Sol bottle in a defective condition that was unreasonably dangerous to the consumer, The Horrocks Company is strictly liable to Ms. Waugh.

53.     As a direct and proximate result of the unreasonably dangerous and defective condition of the Volu-Sol bottle, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, The Horrocks Company, LLC d/b/a Volu-Sol, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

**COUNT VI – NEGLIGENCE**
**(Nancy Waugh v. The Horrocks Company, LLC d/b/a Volu-Sol)**

54.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

55.     The Horrocks Company negligently designed, manufactured, sold, and/or distributed the Volu-Sol bottle, which it knew, or should have known, would cause injury to Ms. Waugh and which did cause injury to Ms. Waugh.

56.     The Horrocks Company negligently failed to warn that the Volu-Sol bottle was not safe for its intended use.

57.     As a direct and proximate result of The Horrocks Company's negligence, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, The Horrocks Company, LLC d/b/a Volu-Sol, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

**COUNT VII – VIOLATION OF N.H. R.S.A. 358-A**
**(Nancy Waugh v. The Horrocks Company, LLC d/b/a Volu-Sol)**

58.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

59.     New Hampshire's Regulation of Business Practices for Consumer Protection, RSA Chapter 358-A, precludes unfair or deceptive acts or practices in the conduct of any trade or commerce within the State.

60.    Pursuant to RSA 358-A:10, any person injured by another's unlawful practice under RSA 358-A:2 may recover actual damages, and if the unlawful practice is a willful or knowing violation of RSA 358-A, a person is entitled to an award of as much as three (3), but not less than two (2) times, the amount of actual damages, as well as costs and reasonable attorney's fees.

61.    Defendant, The Horrocks Company, committed acts or practices in violation of RSA 358-A by: (a) marketing for sale, selling, and distributing a product intended for personal use that is not safe for personal use because the Volu-Sol bottle lacks a flame arrester device; and (b) failing to warn that the Volu-Sol bottle was not safe for its intended use.

62.    As a direct and proximate result of The Horrocks Company's unfair and deceptive practices, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, The Horrocks Company, LLC d/b/a Volu-Sol, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### COUNT VIII – ENHANCED COMPENSATORY DAMAGES
**(Nancy Waugh v. The Horrocks Company, LLC d/b/a Volu-Sol)**

63.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64.    The Horrocks Company engaged in wanton, malicious and oppressive conduct when it designed, manufactured, sold, and/or distributed the Volu-Sol bottle.

10

65.    As a direct and proximate result of The Horrocks Company's wanton, malicious and oppressive conduct, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

66.    As a direct and proximate result of The Horrocks Company's wanton, malicious and oppressive conduct, Ms. Waugh is entitled to enhanced compensatory damages.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, The Horrocks Company, LLC d/b/a Volu-Sol, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

## COUNT IX– STRICT LIABILITY
### (Nancy Waugh v. Amazon.com Services, LLC)

67.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

68.    Amazon participated in the design, manufacturing, sale and/or distribution of the MoodHaus Firepit and the Volu-Sol bottle.

69.    The MoodHaus Firepit and the Volu-Sol bottle were defective at the time they were sold.

70.    The defective conditions of the MoodHaus Firepit and the Volu-Sol bottle made these products unreasonably dangerous, particularly because: (a) a user of the MoodHaus Firepit cannot detect low-burning flames in the fuel chamber when re-fueling; and (b) the Volu-Sol bottle lacks a flame arrester device, which prevents transmission of a flame in the event of ignition.

71.     The risks of danger posed by the MoodHaus Firepit, and the Volu-Sol bottle could have been reduced without significant impact on product effectiveness or manufacturing costs.

72.     The defective conditions of the MoodHaus Firepit and the Volu-Sol bottle caused foreseeable injury to the plaintiff.

73.     As a direct and legal result of designing, manufacturing, selling, and/or distributing the MoodHaus Firepit and the Volu-Sol bottle in defective conditions that were unreasonably dangerous to the consumer, Amazon is strictly liable to Ms. Waugh.

74.     As a direct and proximate result of the unreasonably dangerous and defective conditions of the MoodHaus Firepit and the Volu-Sol bottle, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Amazon.com Services, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### COUNT X – NEGLIGENCE
**(Nancy Waugh v. Amazon.com Services, LLC)**

75.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

76.     Amazon negligently designed, manufactured, sold, and/or distributed the MoodHaus Firepit and the Volu-Sol bottle, which it knew, or should have known, would cause injury to Ms. Waugh and which did cause injury to Ms. Waugh.

77.     Amazon negligently failed to warn that the MoodHaus Firepit and the Volu-Sol bottle were not safe for their intended uses.

78.    As a direct and proximate result of Amazon's negligence, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Amazon.com Services, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

<u>**COUNT XI – VIOLATION OF N.H. R.S.A. 358-A**</u>
**(Nancy Waugh v. Amazon.com Services, LLC)**

79.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

80.    New Hampshire's Regulation of Business Practices for Consumer Protection, RSA Chapter 358-A, precludes unfair or deceptive acts or practices in the conduct of any trade or commerce within the State.

81.    Pursuant to RSA 358-A:10, any person injured by another's unlawful practice under RSA 358-A:2 may recover actual damages, and if the unlawful practice is a willful or knowing violation of RSA 358-A, a person is entitled to an award of as much as three (3), but not less than two (2) times, the amount of actual damages, as well as costs and reasonable attorney's fees.

82.    Defendant, Amazon, committed acts or practices in violation of RSA 358-A by: (a) marketing for sale, selling, and distributing the MoodHaus Firepit and the Volu-Sol bottle, products intended for personal use that are not safe for personal use; and (b) failing to warn that the MoodHaus Firepit and the Volu-Sol bottle were not safe for their intended use.

83.     As a direct and proximate result of Amazon's unfair and deceptive practices, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Amazon.com Services, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### COUNT XII – ENHANCED COMPENSATORY DAMAGES
### (Nancy Waugh v. Amazon.com Services, LLC)

84.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

85.     Amazon engaged in wanton, malicious and oppressive conduct when it designed, manufactured, sold, and/or distributed the MoodHaus Firepit and the Volu-Sol bottle.

86.     As a direct and proximate result of Amazon's wanton, malicious and oppressive conduct, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

87.     As a direct and proximate result of Amazon's wanton, malicious and oppressive conduct, Ms. Waugh is entitled to enhanced compensatory damages.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, Amazon.com Services, LLC, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

14

## COUNT XIII– STRICT LIABILITY
### (Nancy Waugh v. John Doe 1)

88.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

89.    John Doe 1 participated in the design, manufacture, sale and/or distribution of the MoodHaus Firepit.

90.    The MoodHaus Firepit was defective at the time it was sold.

91.    The MoodHaus Firepit's defective condition made it unreasonably dangerous, particularly because a user of the product cannot detect low-burning flames in the fuel chamber when re-fueling.

92.    The risk of danger posed by the MoodHaus Firepit could have been reduced without significant impact on product effectiveness or manufacturing costs.

93.    The defective condition of the MoodHaus Firepit caused injury to the plaintiff.

94.    As a direct and legal result of designing, manufacturing, selling, and/or distributing the MoodHaus Firepit in a defective condition that was unreasonably dangerous to the consumer, John Doe 1 is strictly liable to Ms. Waugh.

95.    As a direct and proximate result of the unreasonably dangerous and defective condition of the MoodHaus Firepit, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 1, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

## COUNT XIV – NEGLIGENCE
### (Nancy Waugh v. John Doe 1)

96.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

97.    John Doe 1 negligently designed, manufactured, sold, and/or distributed the MoodHaus Firepit, which it knew, or should have known, would cause injury to Ms. Waugh and which did cause injury to Ms. Waugh.

98.    John Doe 1 negligently failed to warn that the MoodHaus Firepit was not safe for its intended use.

99.    As a direct and proximate result of John Doe 1's negligence, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 1, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

## COUNT XV – VIOLATION OF N.H. R.S.A. 358-A § 2
### (Nancy Waugh v. John Doe 1)

100.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

101.    New Hampshire's Regulation of Business Practices for Consumer Protection, RSA Chapter 358-A, precludes unfair or deceptive acts or practices in the conduct of any trade or commerce within the State.

16

102. Pursuant to RSA 358-A:10, any person injured by another's unlawful practice under RSA 358-A:2 may recover actual damages, and if the unlawful practice is a willful or knowing violation of RSA 358-A, a person is entitled to an award of as much as three (3), but not less than two (2) times, the amount of actual damages, as well as costs and reasonable attorney's fees.

103. Defendant, John Doe 1, committed acts or practices in violation of RSA 358-A by: (a) marketing for sale, selling, and distributing a product intended for personal use that is not safe for personal use because an ordinary user cannot see the invisible, low-burning flames in the fuel chamber when re-fueling; and (b) failing to warn that the MoodHaus Firepit was not safe for its intended use.

104. As a direct and proximate result of John Doe 1's unfair and deceptive practices, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 1, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### COUNT XVI – ENHANCED COMPENSATORY DAMAGES
(Nancy Waugh v. John Doe 1)

105. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

106. John Doe 1 engaged in wanton, malicious and oppressive conduct when it designed, manufactured, sold, and/or distributed the MoodHaus Firepit.

17

107.    As a direct and proximate result of John Doe 1's wanton, malicious and oppressive conduct, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

108.    As a direct and proximate result of John Doe 1's wanton, malicious and oppressive conduct, Ms. Waugh is entitled to enhanced compensatory damages.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 1, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

## COUNT XVII – STRICT LIABILITY
**(Nancy Waugh v. John Doe 2)**

109.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

110.    John Doe 2 participated in the design, manufacture, sale and/or distribution of either the MoodHaus Firepit and/or the Volu-Sol bottle.

111.    The MoodHaus Firepit and the Volu-Sol bottle were defective at the time they were sold.

112.    The defective conditions of the MoodHaus Firepit and the Volu-Sol bottle made these products unreasonably dangerous, particularly because: (a) a user of the MoodHaus Firepit cannot detect low-burning flames in the fuel chamber when re-fueling; and (b) the Volu-Sol bottle lacks a flame arrester device, which prevents transmission of a flame in the event of ignition.

113.     The risks of danger posed by the MoodHaus Firepit, and the Volu-Sol bottle could have been reduced without significant impact on product effectiveness or manufacturing costs.

114.     The defective conditions of the MoodHaus Firepit and the Volu-Sol bottle caused foreseeable injury to the plaintiff.

115.     As a direct and legal result of designing, manufacturing, selling, and/or distributing the MoodHaus Firepit and/or the Volu-Sol bottle in defective conditions that were unreasonably dangerous to the consumer, John Doe 2 is strictly liable to Ms. Waugh.

116.     As a direct and proximate result of the unreasonably dangerous and defective conditions of the MoodHaus Firepit and the Volu-Sol bottle, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 2, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

**COUNT XVIII – NEGLIGENCE**
**(Nancy Waugh v. John Doe 2)**

117.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

118.     John Doe 2 designed, manufactured, sold, and/or distributed the MoodHaus Firepit and/or the Volu-Sol bottle, which it knew, or should have known, would cause injury to Ms. Waugh and which did cause injury to Ms. Waugh.

119.     John Doe 2 negligently failed to warn that the MoodHaus Firepit and/or the Volu-Sol bottle were not safe for their intended uses.

19

120.    As a direct and proximate result of John Doe 2's negligence, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 2, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### <u>COUNT XIX – VIOLATION OF N.H. R.S.A. 358-A § 2</u>
**(Nancy Waugh v. John Doe 2)**

121.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

122.    New Hampshire's Regulation of Business Practices for Consumer Protection, RSA Chapter 358-A, precludes unfair or deceptive acts or practices in the conduct of any trade or commerce within the State.

123.    Pursuant to RSA 358-A:10, any person injured by another's unlawful practice under RSA 358-A:2 may recover actual damages, and if the unlawful practice is a willful or knowing violation of RSA 358-A, a person is entitled to an award of as much as three (3), but not less than two (2) times, the amount of actual damages, as well as costs and reasonable attorney's fees.

124.    Defendant, John Doe 2, committed acts or practices in violation of RSA 358-A by: (a) marketing for sale, selling, and distributing the MoodHaus Firepit and/or the Volu-Sol bottle, products intended for personal use that are not safe for personal use; and (b) failing to warn that the MoodHaus Firepit and/or the Volu-Sol bottle were not safe for their intended use.

125.    As a direct and proximate result of John Doe 2's unfair and deceptive practices, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 2, in an amount that will fully and fairly compensate her for all of her physical and mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

### COUNT XX – ENHANCED COMPENSATORY DAMAGES
(Nancy Waugh v. John Doe 2)

126.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

127.    John Doe 2 engaged in wanton, malicious and oppressive conduct when it designed, manufactured, sold, and/or distributed the MoodHaus Firepit and/or the Volu-Sol bottle.

128.    As a direct and proximate result of John Doe 2's wanton, malicious and oppressive conduct, Ms. Waugh suffered serious and permanent injuries, experienced great pain, suffering, scarring, and emotional distress, incurred medical expenses and lost wages, and will continue to incur such losses in the future.

129.    As a direct and proximate result of John Doe 2's wanton, malicious and oppressive conduct, Ms. Waugh is entitled to enhanced compensatory damages.

WHEREFORE, the Plaintiff, Nancy Waugh, demands judgment against the Defendant, John Doe 2, in an amount that will fully and fairly compensate her for all of her physical and

mental injuries, economic losses, pain and suffering, and medical and other expenses, plus interest and costs.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Nancy Waugh, respectfully requests that this Honorable Court:

1.  Order a trial by jury;

2.  Find the Defendants liable on all Counts set forth above;

3.  Award Plaintiff compensatory damages, enhanced compensatory damages, and treble those damages;

4.  Award Plaintiff her reasonable attorneys' fees together with interest and costs; and

5.  Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff, Nancy Waugh, hereby demands a trial by jury on all claims so triable.


Respectfully submitted,
The Plaintiff,
Nancy Waugh

By her Attorney,

/s/ Richard E. Heifetz

Richard E. Heifetz, Esq., NH Bar 17295
rheifetz@melicklaw.com
Christian Hinrichsen, Esq. NH Bar 264910
chinrichsen@melicklaw.com
Melick & Porter, LLP
1 Liberty Square
Boston, MA 02109
Tel: 617-523-6200
Dated: January 18, 2024                Fax: 617-523-8130

22