UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Nancy Waugh

    v.

Bishop & Buddha, LLC; The Horrocks
Company, LLC D/B/A Volu-Sol; Amazon.com
Services, LLC; John Doe 1; and John Doe 2

Civil No. 24-cv-019-SE
Opinion No. 2025 DNH 041

ORDER

On May 5, 2023, Nancy Waugh visited a residence in Laconia, New Hampshire with several other people. While she was there, she sat down on an outdoor bench that was across from a MoodHaus Concrete Tabletop Fire Pit. Unbeknownst to anyone who was present, there was a small, undetectable flame in the fire pit's chamber. While Waugh was seated on the bench, someone approached the fire pit and tried to get it started by squirting fuel from a bottle of Volu-Sol Bio-Ethanol Fuel onto the fire pit. The fire pit ignited the Volu-Sol bottle, creating a "flame-jetting" event that shot burning fuel onto Waugh. Doc. no. 1, ¶ 16. She received second- and third-degree burns over 20% of her body. Waugh required emergency medical treatment and was immediately flown to Massachusetts General Hospital, where she was treated and remained in the intensive care unit for several weeks. There, she underwent multiple surgeries and extensive treatment for her injuries.

Waugh brought suit in this court against the Horrocks Company LLC, which allegedly designed and manufactured the lighter fluid bottle, Amazon.com Services, which allegedly sold both the fire pit and the lighter fluid bottle, Bishop & Buddha, LLC, which allegedly designed, manufactured, sold or distributed the MoodHaus Fire Pit[1]; and John Doe 1 and John Doe 2, each

---

[1] Bishop & Buddha has defaulted on all claims. Doc. no. 38.

of whom is an unknown additional manufacturer of either the MoodHaus Fire Pit or the Volu-Sol bottle. Waugh brings the same four claims under New Hampshire law against each of the five defendants: strict products liability (Counts I, V, IX, XIII, XVII); negligence (Counts II, VI, X, XIV, XVIII); violation of the New Hampshire Consumer Protection Act, RSA 358-A ("CPA") (Counts III, VII, XI, XV, XIX); and enhanced compensatory damages (Counts IV, VIII, XII, XVI, XX).

Amazon and Horrocks each moves to dismiss Waugh's claims for enhanced compensatory damages. Amazon additionally moves to dismiss Waugh's claim under the CPA. For the reasons discussed, the defendants' motions are granted.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). To test a complaint's sufficiency, the court must employ a two-step approach. First, it must identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all nonconclusory factual allegations and the

reasonable inferences drawn from those allegations. See id. Only then can the court determine whether the "combined allegations, taken as true, . . . state a plausible, not a merely conceivable, case for relief." Id. (quotation omitted).

Discussion

Although presented in separate motions (doc. nos. 22 and 27), the court addresses Amazon's and Horrocks's requests to dismiss the enhanced compensatory damages claims against them (Counts VIII and XII, respectively) together. The court then turns to Amazon's arguments in support of its motion to dismiss Waugh's CPA claim (Count XI).

I. Enhanced Compensatory Damages (Counts VIII and XII)

The court must decide two issues with respect to Waugh's claims for enhanced compensatory damages. The first question is whether they state a cause of action. They do not. As this court has repeatedly established and the New Hampshire Supreme Court has recently had occasion to confirm, "'enhanced compensatory damages' . . . is a potential remedy, not a cause of action." Stevens v. Liberty Mut. Grp. Inc., No. 11-cv-00218-PB, 2013 WL 3895167, at *6 n.4 (D.N.H. July 29, 2013); Goodell v. Roof, No. 2023-0281, 2025 WL 471268, at *2 (N.H. Feb. 12, 2025). Therefore, Counts VIII and XII cannot survive as separate causes of action and are dismissed.

While Waugh's claims for enhanced compensatory damages fail to state independent causes of action, if properly pleaded, they may operate as requests for relief, alleging entitlement to enhanced damages stemming from the tortious conduct underlying Waugh's other claims. The second question before the court, then, is whether Waugh's complaint contains sufficient

allegations to request enhanced compensatory damages as a form of relief. "In the absence of supporting allegations, a request for enhanced compensatory damages may be dismissed." Jenks v. Textron, Inc., No. 09-CV-205-JD, 2012 WL 2871686, at *1 (D.N.H. July 10, 2012).

New Hampshire law prohibits punitive damages. RSA 507:16. In "exceptional cases," however, New Hampshire law permits an award of compensatory damages to be enhanced to reflect the "wanton, malicious, or oppressive" conduct of the defendant. Stewart v. Bader, 154 N.H. 75, 87 (2006) (quotation omitted). Amazon and Horrocks each moves to dismiss Waugh's requests for enhanced compensatory damages, arguing that Waugh cannot point to any allegations that suggest that their actions meet this standard.

In her objections, Waugh clarifies that she does not assert that the defendants' conduct was malicious or oppressive, but only that it was wanton. The issue, then, is whether the allegations in the complaint and the reasonable inferences that can be drawn from them state a plausible claim that Amazon and Horrocks acted in a wanton manner with respect to Waugh's claims. Reading the complaint generously, as the court must do at this stage, Waugh fails to allege any conduct that could support a finding that either Amazon or Horrocks did so. The "Enhanced Compensatory Damages" sections of the complaint make conclusory allegations that both defendants "engaged in wanton, malicious and oppressive conduct." Doc. no. 1, ¶¶ 64–66 (Horrocks); id. at ¶¶ 85–87 (Amazon). These, the court must ignore. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (The court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.").

The rest of the complaint contains slight detail about the actions of Amazon or Horrocks. It does little more than state the elements of Waugh's claims for strict products liability,

negligence, and violations of the CPA. She alleges that Amazon negligently designed, manufactured, sold, or distributed the Volu-Sol bottle and the MoodHaus Fire Pit; negligently failed to warn of the dangers of the products; knew or should have known that the products would cause her injury; and marketed a product unsafe for personal use because the Volu-Sol bottle lacked a flame arrester device and a user of the MoodHaus Fire Pit cannot detect a low-burning flame when re-fueling. Her allegations against Horrocks are identical, excepting those related to the MoodHaus Fire Pit. At best, Waugh alleges sufficient facts to state claims against Amazon and Horrocks for strict products liability and negligence. These allegations are insufficient to allege that the defendants acted in a wanton, malicious, or oppressive manner.

Waugh's objections do not dispute that she has failed to allege sufficient facts in her complaint to state an entitlement to enhanced compensatory damages. Instead, she discusses and appends a safety standard and a news item that she argues bolster her claims. They show, she contends, that Horrocks ignored safety standards and that the risks of "flame-jetting" were publicly known. But as Amazon notes in its reply, in ruling on the sufficiency of a complaint, "a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto, or else convert the motion into one for summary judgment." Douglas v. Hirshon, 63 F.4th 49, 57 (1st Cir. 2023) (quotation omitted). Waugh has offered no justification for omitting the safety standards or news item from her complaint or for forgoing a motion to amend her complaint. While it is true that the court may consider extrinsic documents under certain "narrow exceptions," Waugh has not argued that any of these exceptions apply or otherwise explained

5

how or why the court should consider these materials when considering the pending motions to dismiss. See id. at 57–58. The court declines to do so.[2]

Waugh also argues that she should be entitled to conduct discovery to develop her claim for enhanced compensatory damages, relying on courts' reluctance to grant summary judgment on the fact-intensive issue of scienter. Doc. no. 31 at 5. The issue presented here is quite different. Summary judgment on scienter asks the court to weigh two opposing allegations and make a factual determination, a job properly left to a jury. Here, the issue is whether Waugh has alleged facts in her complaint sufficient to state a facially plausible entitlement to enhanced compensatory damages. The court is not making factual determinations. Moreover, the First Circuit has recognized two situations in which district courts may permit limited discovery when considering motions to dismiss. See Douglas, 63 F.4th at 59. Neither is implicated here, and Waugh has not argued otherwise.

Waugh's demands for enhanced compensatory damages are dismissed.

II.     CPA (Count XI)

The CPA prohibits an entity from using "any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A:2. The statute also enumerates a non-exhaustive list of prohibited conduct. Id. Waugh and Amazon agree that Waugh brings her CPA claim under sections V and VII. Sections V and VII prohibit entities from:

---

[2] Horrocks and Amazon also argue that the extrinsic evidence would not support a claim for enhanced compensatory damages because the safety standards that Waugh references were both voluntary and not yet in effect at the time of the sale or injury in this case. Because the court does not consider the evidence for the reasons discussed above, it does not address those arguments.

6

> V. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that such person does not have . . .
>
> VII. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another . . .

RSA 358-A:2(V), (VII). A defendant violates these sections if it "(1) represents the goods or services are of a particular standard, quality or grade when they are of another (or have characteristics they do not have), (2) knows the representation is false or has a reckless disregard for its truth, and (3) does so with the intent to induce consumers to buy the product." Cohen v. Bos. Sci. Corp., 725 F. Supp. 3d 144, 153 (D.N.H. 2024) (quotations omitted).

By basing her CPA claims upon alleged misrepresentations and further asserting that Amazon's misrepresentations constituted willful and knowing violations of the CPA entitling her to double or treble damages, Waugh has accused Amazon of fraud. Where an action is based on an allegation of fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard. See, e.g. Gwyn v. Loon Mountain Corp., No. 01-00214-B, 2002 WL 1012929, at *7 (D.N.H. May 15, 2002), aff'd, 350 F.3d 212 (1st Cir. 2003) (Rule 9(b) applies where language in the complaint tracks that of section V of the CPA).[3] Under Rule 9(b), a plaintiff must plead with "particularity," identifying the "who, what, where, and when of the allegedly false or fraudulent representation." Rodi, 389 F.3d at 15 (quotation omitted). The "heightened pleading standard 'extends only to the particulars of the allegedly misleading statement and the other elements of fraud, such as intent and knowledge, may be averred in general terms.'" PC Connection, Inc. v.

---

[3] See also O'Neil v. Somatics, LLC, No. 20-CV-175-PB, 2022 WL 4611938, at *9 (D.N.H. Sept. 30, 2022); N.H. Elec. Coop., Inc. v. Elster Sols., LLC, No. 16-CV-440-PB, 2017 WL 2861667, at *3 (D.N.H. July 5, 2017); cf. Rodi v. S. New England Sch. of L., 389 F.3d 5, 15 (1st Cir. 2004) (identifying misrepresentation as a "species of fraud" for the purpose of Rule 9(b) (quotation omitted)).

Int'l Bus. Machs. Corp., 687 F. Supp. 3d 227, 240 (D.N.H. 2023) (quoting Rodi, 389 F.3d at 15) (alterations omitted).

Waugh has not satisfied this standard in her CPA claim against Amazon. In pertinent part, Waugh's complaint asserts that Amazon violated the CPA by "(a) marketing for sale, selling, and distributing the MoodHaus Firepit and the Volu-Sol bottle, products intended for personal use that are not safe for personal use; and (b) failing to warn that the MoodHaus Firepit and the Volu-Sol bottle were not safe for their intended use." Doc. no. 1, ¶ 82.

Waugh's complaint does not state with particularity facts surrounding any allegation that Amazon represented that the products it sold were of a particular standard, quality, or grade when they were of another. See Cohen, 725 F. Supp. 3d at 153. Indeed, she does not allege that Amazon made any affirmative representation about the products at all. For that reason, her CPA claim fails.

In her briefing, Waugh analogizes her claim to an implied warranty claim. She contends that Amazon should have been aware that the products it sold were dangerous and that consumers relied on its skill and judgment when purchasing goods. Its failure to warn of those dangers, she argues, are akin to misrepresentations. This argument fails for two reasons. First, these allegations were not contained in her complaint. Second, these implied statements, if contained in her complaint, would be insufficient to support her CPA claims, which require affirmative misrepresentations.

Waugh also argues that "there is evidence that Amazon sold products that failed to meet applicable safety standards" and concludes that "Amazon's representations that the products in this case met relevant safety standards and were safe to use may properly be the basis for a claim under RSA 358A." Doc. no. 32 at 6–7. This argument is unpersuasive because it, too, fails to

solve Waugh's pleading problems. The court will not consider the safety standards for the reasons discussed above. Moreover, the complaint does not allege that Amazon made any representations with respect to safety standards.

Here, too, Waugh argues that she should be entitled to conduct discovery prior to dismissal. Once again, neither of the First Circuit's recognized allowances for limited discovery apply in this context either. See Douglas, 63 F.4th at 59. Waugh cannot avoid the requirement that she sufficiently plead her allegations by hoping that discovery may later show a basis for her claims. See DM Rsch., Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome.").

Waugh's CPA claim against Amazon must therefore be dismissed and discovery is denied.

## Conclusion

For the foregoing reasons, the court grants Horrocks's motion to dismiss (doc. no. 22) and Amazon's motion to dismiss (doc. no. 27) and dismisses Counts VIII, XI, and XII. Because oral argument is unnecessary to resolve the issues in its motion, the court denies Amazon's motion for a hearing (doc. no. 28).

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 26, 2025

cc: Counsel of Record